Citation Nr: 1755116 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 10-29 980 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to the proceeds of the Veteran's National Service Life Insurance (NSLI) policy.


REPRESENTATION

Appellant represented by: Jeffrey Paule, Attorney


ATTORNEY FOR THE BOARD

L. Kirscher Strauss, Counsel


INTRODUCTION

The Veteran served on active duty from August 1943 to December 1945. He died in February 2008. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 decision of the Department of Veterans Affairs (VA) Regional Office and Insurance Center (ROIC) in Philadelphia, Pennsylvania, which determined that J.C., E. H., and L.R. were entitled to the Veteran's insurance proceeds based on a beneficiary designation dated December 21, 2007. The appellant, acting as power of attorney for her mother, S.R., who was the Veteran's widow and who died during the course of this appeal, disagreed with this decision. The appellant is the representative of S.R.'s estate. Accordingly, this case is a "contested claim."

The Board remanded the case to the agency of original jurisdiction in June 2011, September 2012, and May 2016 for due process considerations.


FINDING OF FACT

On October 26, 2016, prior to the promulgation of a decision on the appeal, the appellant withdrew the appeal of the issue of entitlement to the proceeds of the Veteran's NSLI policy.


CONCLUSION OF LAW

The criteria for withdrawal of the appeal of the claim for entitlement to the proceeds of the Veteran's NSLI policy have been met. 38 U.S.C. § 7105(d)(5) (2012); 38 C.F.R. § 20.204 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105 (2012). An appeal may be withdrawn by an appellant or by her authorized representative as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2017). Except for appeals withdrawn on the record at a hearing, appeal withdrawals must be in writing. Id. 

In the present case, the appellant disagreed with the denial of entitlement to the proceeds of the Veteran's NSLI policy. In correspondence received on October 26, 2016, however, the appellant stated that she and the parties who were found by VA to be entitled to the Veteran's NSLI insurance proceeds were "all in agreement and the matter [was] no longer contested as per the Federal Court ruling." The appellant included email correspondence from L.R. on behalf of himself and J.C. and E.H., acknowledging their agreement as to how the insurance proceeds at issue were to be split among the parties and requesting the appellant present to VA the court stipulation. A February 2014 Stipulation of Settlement associated with the VA claims file documents the parties' agreement concerning the division of the Veteran's NSLI insurance proceeds.

The Board finds that the appellant's October 2016 statement withdrawing her appeal is explicit, unambiguous, and done with a full understanding of the consequences of such action. DeLisio v. Shinseki, 25 Vet. App. 45, 57 (2011). Hence, there remain no allegations of errors of fact or law for appellate consideration regarding the issue entitlement to the proceeds of the Veteran's NSLI policy. 38 C.F.R. § 20.204. Thus, the Board does not have jurisdiction to review the appeal of that issue, and it is dismissed.



ORDER

The appeal as to the claim of entitlement to the proceeds of the Veteran's NSLI policy is dismissed.



____________________________________________
K. Conner
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs